# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN HEMPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-19 CAS |
| | ) | |
| LAURA THIELMEIER ROY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several matters. First, plaintiff has filed a motion to file an amended complaint. Second, defendant has filed a motion to dismiss the original complaint. Finally, this Court has a duty to review the pleadings in this matter pursuant to 28 U.S.C. § 1915(e) because plaintiff is proceeding in forma pauperis. For procedural reasons, plaintiff's motion to file an amended complaint should be granted. As a result, defendant's motion to dismiss is moot and will be denied as such. After reviewing the amended complaint, however, the Court has determined that it fails to state a claim upon which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e).

**A. Plaintiff's Motion to File Amended Complaint**

Pursuant to Fed. R. Civ. P. 15(a), "A party may amend its pleading as a matter of course . . . before being served with a responsive pleading." Defendant has not filed a responsive pleading in this case. See Winfrey v. Brewer, 570 F.2d 761, 764 n.4 (8th Cir. 1978) ("A motion to dismiss is not a 'responsive pleading' for purposes of [Rule 15(a)]"). As a result, plaintiff's motion to amend the complaint will granted.

**B. Defendant's Motion to Dismiss**

Because plaintiff has filed an amended complaint, defendant's motion to dismiss is moot. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Consequently, defendant's motion to dismiss will be denied as moot.

**C. Review of the Amended Complaint Under 28 U.S.C. § 1915(e)**

1. Legal Standard.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis at any time if it fails to state a claim upon which relief can be granted. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

2. The Amended Complaint.

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged violation of his right of access to the courts. Named as defendant is Laura Roy, a Clerk of Court for the Missouri Court of Appeals. The amended complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff was convicted of capital murder in 1984 and sentenced to a term of life imprisonment. Pl.'s Ex. to the First Amended Complaint at 2. The Missouri Court of Appeals affirmed the conviction and sentence on November 21, 1985. State v. Hemphill, 699 S.W.2d 83 (Mo. Ct. App. 1985); Pl.'s Ex. at 11-12. On December 12, 2005, plaintiff filed a motion to recall the mandate. Pl.'s

Ex. at 12. The Missouri Court of Appeals denied the motion on December 20, 2005. Id. at 13, 18. Plaintiff claims that he did not receive timely notice of the denial of his motion to recall the mandate. Plaintiff believes that defendant refused to send him a copy of the denial in violation of Missouri Rule of Civil Procedure 74.03. Plaintiff claims that he has been harmed because any motion he might file to have his case heard by the Missouri Supreme Court or the Supreme Court of the United States would be denied as untimely.

The issue presented by plaintiff in the motion to recall the mandate was that one of the jurors at his 1984 trial had prior knowledge of the facts of the case. Plaintiff claims that his trial was therefore unconstitutional and that he should be given a new trial.

3. Discussion.

To state a claim for denial of meaningful access to the courts, inmates must demonstrate that they suffered an actual injury to non-frivolous pending or contemplated legal claims. Lewis v. Casey, 518 U.S. 343, 353 (1996); see White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (to prove violation of right of meaningful access to courts, prisoner must establish state has not provided opportunity to litigate claim, which resulted in actual injury; to prove actual injury, prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded).

Plaintiff's motion to recall the mandate, filed twenty years after his case became final, did not reopen the criminal case for which he is currently incarcerated. In addition, motions to recall the mandate are not the proper vehicles for challenging the constitutionality of a conviction in Missouri. See Mo. R. Crim. P. 29.15(a) (Rule 29.15(a) post-conviction relief is exclusive remedy to challenge constitutionality of conviction or sentence); State v. Turner, 972 S.W.2d 438, 440 (Mo. Ct. App. 1998) (same). Plaintiff therefore cannot establish that a non-frivolous legal claim has been frustrated

3

or impeded. As a result, plaintiff has failed to state a claim upon which relief can be granted under § 1983.

Even if plaintiff had stated a prima facie case under § 1983, defendant would enjoy qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. District Ct. of Logan County-Northern Div., 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Plaintiff does not have a clearly established federal right to file a motion to recall the mandate twenty years after his conviction became final. As a result, this case should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket the first amended complaint and the addendum thereto, which were filed as attachments to the motion for leave.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **DENIED** as moot. [Doc. 15]

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915(e).

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of January, 2008.